**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **CATHY CARTER**, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 1:20-cv-01674-TWT-JSA |
| **PAUL HOWARD, in his individual and** ) | |
| **official capacity,** ) | |
| ) | |
| *Defendant.* ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiff, Cathy Carter, by and through undersigned counsel, files this Motion for Leave to Amend the Complaint ("Motion") to clarify and split the existing count alleging a hostile work environment into two separate counts alleging a *substantive* hostile work environment and a *retaliatory* hostile work environment for the following reasons:

1. Plaintiff's Complaint has already alleged sufficient facts and circumstances to put Defendant on notice of both substantive and retaliatory hostile work environment claims as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8; Rafferty v. Denny's, Inc., 13 F.4th 1166, 1193 (11th Cir. 2021) (published).

2.  Amending the Complaint will clarify review of the distinct claims involved in this case should this Court need to examine this issue at the summary judgment stage, because there are different evidentiary standards for substantive hostile work environment, retaliatory hostile work environment, and retaliation claims. See Tonkyro v. Sec'y, Dep't of Veterans Affs., 995 F.3d 828, 830–31 (11th Cir. 2021) (published); Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (internal citations omitted).

3.  Granting Plaintiff's Motion will not unduly prejudice Defendant, because the underlying facts and circumstances alleged in the original Complaint will not change. See Doc. No. [1].

## INTRODUCTION

Amending this Complaint changes nothing in terms of evidence being collected and evidence presented before this Court. The Amended Complaint simply clarifies allegations that can already be found in Count II of the Complaint. See Id. at 146-47. Count II asserts Defendant "created, condoned, and ratified" a hostile work environment and incorporates specific facts which have already placed Defendant on notice that the hostile work environment is based on both substantive and retaliatory misconduct. See Id. However, amending the

Complaint now will ensure Defendant is unambiguously aware of both evidentiary standards before going into depositions.

Plaintiff requests leave to file an Amended Complaint to clarify the current hostile work environment claim (Doc. No. [1], Count II) with separate claims of substantive and retaliatory hostile work environments. Plaintiff will properly enter this Amended Complaint onto the record in this matter upon authorization from this Court.

## FACTS RELEVANT TO THIS MOTION

On April 20, 2020, Plaintiff filed the Complaint that initiated this action. Doc. No. [1]. Plaintiff brought the following claims:

1. Count I, 42 U.S.C. § 1983, Violation of Fourteenth Amendment Rights to Equal Protection (Sexual Harassment).

2. Count II, 42 U.S.C. § 1983, Violation of Fourteenth Amendment Rights to Equal Protection (Hostile Work Environment).

3. Count III, Breach of Contract and Duty of Good Faith and Fair Dealing.

4. Count IV, Negligence.

On July 15, 2020, Defendant Paul Howard filed a Motion to Dismiss Plaintiff's Complaint. Doc. No. [11].

On October 22, 2020, the Court responded to Defendant's Motion to Dismiss. Doc. No. [31]. This Court held there were sufficient allegations to proceed with Plaintiff's sexual harassment claim (Count I) and her hostile work environment claim (Count II). See Doc. No. [1, 31]. Claims III and IV were dismissed. Id.

Defendant filed his Answer to Plaintiff's Complaint on February 3, 2021. Doc. No. [39].

On March 8, 2021, the Court entered the Scheduling Order (Doc. No. [44]), adopting most of the Joint Preliminary Report and Discovery Plan (Doc. No. [41]) and setting December 6, 2021 as the final day of discovery. See Doc. No. [53].

## STANDARD OF LAW

A party must show good cause for a motion requesting leave to amend to be granted if the scheduling order's deadline to file amendments has already passed. See Smith v. School Bd. of Orange Cty, 487 F.3d 1361, 1366 (11th Cir. 2007) (published) (citing Fed. R. Civ. P. 16(b); Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (published)). If the moving party does show good cause, then courts apply Rule 15(a) to amendments taking place before trial and "should freely give leave [to amend the complaint] when justice so requires". Lamothe v. Bal Harbour 101 Condominium Ass'n, 316 F. App'x 844, 847 (11th Cir. 2008) (citing

Fed. R. Civ. P. 15(a)(2)). When a party requests leave to amend a complaint more than once or, as in the present case, after an answer has been filed, they must do so "by leave of court or by written consent of the adverse party…" See Smith v. School Bd. of Orange Cty, 487 F.3d 1361, 1366 (11th Cir. 2007) (published) (citing Fed. R. Civ. P. 15(a)).

The Court may deny leave to amend where: (a) there has been undue delay, (b) the movant is acting in bad faith, (c) previous amendments have repeatedly failed to cure deficiencies, (d) the amendment would cause undue prejudice, or (e) the amendment would be futile. Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008) (published) (internal citations omitted); Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999) (published)).

## ARGUMENTS AND AUTHORITIES

**I.   Plaintiff's Complaint has already alleged sufficient facts and circumstances to put Defendant on notice of both substantive and retaliatory hostile work environment claims.**

Plaintiff believes retaliatory and substantive hostile work environments have been sufficiently pleaded in the Complaint, because Plaintiff pleaded (1) a hostile work environment claim and (2) facts demonstrating that hostile environment was retaliatory and substantive. To adequately state a claim, a complaint "must contain…a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "no technical form is required" to state a particular claim for relief. Fed. R. Civ. P. 8(d)(1). As this Court stated in its Order regarding Defendant's Motion to Dismiss (Doc. No. [11]), Rule 8(a)(2) requires that a Complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Doc No. [31], p. 10. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Plaintiff's Complaint provided Defendant with notice of a claim for a retaliatory and substantive hostile work environment, and the Complaint "must be construed so as to do justice." Fed. R. Civ. P. 8(e).

Count II states Defendant "created, condoned, and ratified a serious, hostile work environment for Ms. Carter." Doc. No. [1], ¶ 147. Count II incorporates facts describing a sexually discriminatory substantive hostile work environment and a retaliatory hostile work environment. For instance, after Ms. Carter refused Defendant's requests for sex, asked him to stop sexually harassing her and finally avoided him completely during her time on FMLA, she returned to find that she had been removed from her office to a cubicle and replaced as supervisor. *Id.*, ¶¶ 104-12. After those events, it was Plaintiff's fear that Defendant would take further retaliatory actions against her pressured her into relenting to Defendant's requests for sex in September of 2018. *Id.*, ¶¶ 116.

Plaintiff's notice to Defendant about the nature of the claims against him go beyond the Complaint. In the parties' Joint Preliminary Report and Discovery Plan, Plaintiff describes some of the issues to be tried as "Did Howard retaliate against Ms. Carter because she rejected his sexual advances[?]" and "Did Howard harass Mr. Carter sexually[?]" Doc. No. [41], p. 3. These indicate that both substantive sexual harassment and retaliatory conduct are at issue.

II.     **Amending the Complaint is necessary, because there are different evidentiary standards for substantive hostile work environment, retaliatory hostile work environment, and retaliation claims.**

When analyzing workplace discrimination, retaliatory hostile work environment claims sit between substantive hostile work environment claims and retaliation claims. In a regular retaliation claim, courts evaluate each act in a specific way: discretely. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 115–16, (2002) (internal citations omitted), superseded by statute on other grounds; Tonkyro v. Sec'y, Dep't of Veterans Affs., 995 F.3d 828, 835-36 (11th Cir. 2021) (published) (internal citations omitted). For example, you may have five discrete acts that are allegedly retaliatory, but each one of them will be evaluated on its own merit to determine whether a specific act "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." See Id.

To the contrary, and unlike examining allegedly retaliatory acts discretely, analysis of a retaliatory hostile work environment claim examines each act cumulatively. Tonkyro, 995 F.3d at 836-37 (internal citations omitted); see also Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (published) (internal citations omitted) (describing the importance of viewing hostile work environment claims cumulatively and with social context) This cumulative assessment is a significant difference. Therefore, Plaintiff wants to ensure that her retaliatory hostile work environment claim is clearly stated.[1]

In the present case, Plaintiff has alleged various conduct taken by Defendant both based on her sex and as retaliation for rejecting Defendant's misconduct. See Doc. No. [1]. Plaintiff's purpose in in amending the Complaint is to clarify to Defendant and this Court legal arguments that will be made at the summary judgment stage, because there is more than one applicable standard upon which to analyze claims based on an alleged hostile work environment.

---

[1] The Court should also note that this view of evidence differs from a substantive hostile work environment claim, where courts consider still consider evidence in cumulatively but ask whether the *effect* of the conduct, when taken together, "is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" Tonkyro, 995 F.3d at 836-37 (internal citations omitted) (summarizing recent Eleventh Circuit precedent rejecting the use of the "severe or pervasive" standard for retaliatory hostile work environment claims); see also Reeves, 594 F.3d at 808 (internal citations omitted).

**III.   Granting Plaintiff's Motion will not unduly prejudice Defendant, because the underlying facts and circumstances alleged in the original Complaint will not change.**

Undue prejudice is that which constitutes "a substantial reason to deny leave to amend." See Loggerhead Turtle v. Cty. Council of Volusia Cty., Fla., 148 F.3d 1231, 1257 (11th Cir. 1998) (published) (internal citations omitted). Undue prejudice does not exist simply because a defendant fears "incurring additional expense and possible delay." Id. In Loggerhead, the defendant could not demonstrate undue prejudice where it could only allege that adding an additional party would create such an additional expense and delay. Id. The court noted that "any amendment to an original pleading necessarily involves *some* additional expense to the opposing party." Id. (emphasis in original).

Here, because both substantive and retaliatory hostile work environment claims meet the notice standard. Discovery will not be altered, because the same evidence applies; the principal difference being the standard of review such as causation–all of which is purely legal. Defendant's creation of a hostile work environment and conduct in retaliation for Ms. Carter's refusals to relent to his harassment are already at issue, so documents and interrogatory responses, as well as information held by third parties, should remain nearly, if not wholly, identical. Moreover, depositions have not yet begun, so amending the claims will

neither require the parties to go back to previous testimony nor prevent the parties from having the opportunity to depose any witnesses needed.

## CONCLUSION

Although the Complaint has sufficiently pleaded facts and circumstances to place Defendant on notice of both Plaintiff's retaliatory and substantive hostile work environment claims, an amendment will clarify evidentiary review at the summary judgment stage. That clarification will simplify this Court's evaluation of the different types of hostile work environments laid out by the Eleventh Circuit. Granting this Motion will not prejudice Defendant, because the facts and circumstances that have already survived a Motion to Dismiss will not change and because depositions are just beginning.

Therefore, Plaintiff Cathy Carter respectfully asks for the Court to Grant Plaintiff's Motion for Leave to Amend the Complaint and authorize the filing of Plaintiff's Amended Complaint, attached hereto as Exhibit 1.

/s/MARIO WILLIAMS
Mario B. Williams (Ga # 235254)

**HDR, LLC**
44 Broad Street NW, Suite 200
Atlanta, GA 30303
404-254-0442/ 404-577-0080 FAX
mwilliams@hdrattorneys.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this document has been prepared in Book Antiqua, 13 point, which complies with the font and point selections approved by the Court in Local Rule 5.1(C)

<u>/s/MARIO WILLIAMS</u>
Mario B. Williams
Georgia Bar No. 235254

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically served the foregoing Plaintiff's Motion for Leave to Amend the Complaint to the Clerk of Court using the CM/ECF system upon:

Noah Green
**Appelbaum Henefed & Green, PC**
9 Lenox Pointe NE, Ste B
Atlanta, GA 30324
Tel: (404) 841-1275
ng@aps-law.com

Respectfully submitted this 12th day of November 2021,

s/ Mario B. Williams
Mario B. Williams
Ga State Bar #235254

**HDR, LLC**
44 Broad Street NW, Suite 200
Atlanta, GA 30303
404-254-0442/ 404-577-0080 FAX
mwilliams@hdrattorneys.com
*Attorney for Plaintiff*