IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CATHY CARTER**, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 1:20-cv-01674-TWT-JSA |
| ) | |
| **PAUL HOWARD, in his individual and** ) | |
| **official capacity,** ) | |
| ) | |
| *Defendants*. ) | |

**JOINT MOTION FOR EXTENSION OF TIME
TO COMPLETE DISCOVERY**

COME NOW, Defendant Paul Howard and Plaintiff Cathy Carter (hereinafter the "Parties"), by and through their undersigned counsel, and hereby file this *Joint Motion for Extension of Time to Complete Discovery*. The Parties move to request an extension of the discovery deadline to Friday, April 8, 2022 or, should this Court grant the Pending Motion to Stay, to sixty days after that stay has ended. In support of this motion, the Parties present the following to the Court:

1. The Parties have diligently engaged in discovery, including exchanging written discovery, scheduling depositions, and issuing third party subpoenas.

1

2. The Parties have discussed and agree to the contents of this motion.

3. Regarding subpoenas, the Parties are working to schedule Plaintiff's deposition in the next two weeks, Defendant's deposition in the next two weeks, and a 30(b)(6) deposition in the next two weeks. Further, Plaintiff is prepared to depose at least seven non-party deponents during the next three weeks.

4. Plaintiff has disclosed an expert witness who is based out of San Antonio, Texas. A final expert report was produced to the Defendant in December. **Defendant intends to travel out of state to depose Plaintiff's expert as soon as possible.**

PROCEDURAL HISTORY

Plaintiff filed her Complaint in this matter on April 20, 2020. (ECF 1.) Defendant Paul Howard was properly served on May 18, 2020. (ECF 6.) On July 15, 2020, Defendant Paul Howard filed his Motion to Dismiss, Motion to Strike. (ECFs 11, 12.) On January 20, 2021, this Court ruled on Defendant's Motion to Dismiss and Motion to Strike, approving and adopting the Report and Recommendation (ECF 31.) which allowed the present claims against Defendant to go forward. (ECF 37.) On February 3, 2021, Defendant filed his Answer to the Complaint. (ECF 39.)

On March 8, 2021, the Court entered the Scheduling Order. (ECF 44.) Later that same month, both parties served their first interrogatories and

requests for documents and information. (ECFs 46, 47.)

On April 9, 2021, Plaintiff served her responses to Defendant's first set of interrogatories and requests for documents. (ECF 48.)

Throughout April and May 2021, Plaintiff served subpoenas to the following entities: Clayton County Sheriff's Office, Fulton County District Attorney's Office, Fulton County Sheriff's Office, and Sprint.

On May 13, 2021, Defendant served Plaintiff with his responses to Plaintiff's first set of interrogatories and requests for information. (ECF 49.) Weeks later on May 31, 2021, Plaintiff served Defendant with her First Requests for Admission.

A month after receiving Defendant's first discovery responses, Plaintiff sent a good faith letter in mid-June requesting supplemental responses to specific discovery requests. Defendant served supplemental responses to Plaintiff's first set of interrogatories and requests for information in response to Plaintiff's good faith letter on June 23, 2021. (ECF 50).

Defendant served his responses to Plaintiff's First Requests for Admission on June 30, 2021. (ECF 51.)

On September 2, 2021, this Court granted a Joint Motion to Extend the Discovery Period (ECF 52), with discovery then scheduled to close on December 6, 2021. (ECF 53.) Since that extension, the Parties have, among other things, taken the following diligent steps to complete discovery in this case.

Around one month later, on October 6, 2021, Plaintiff served subpoenas to the following entities: Fulton County District Attorney's Office, the Prosecuting Attorney's Council of Georgia ("PAC"), the Diversity & Civil Rights Compliance Department of Fulton County ("DCRC"), Fulton County Chairman Robert Pitts, and Fulton County Manager Richard Anderson. See (ECF 54).

Less than a week later, on October 12, 2021, Plaintiff served additional subpoenas to the following entities: Magistrate Court of Fulton County; State Court of Fulton County; Fulton County Sheriff's Department; Douglas County Sheriff's Office; Magistrate Court of Clayton County; State Court of Clayton County; Superior Court of Clayton County; Clayton County Sheriff's Department; and Sprint/Nextel. See (ECF 55).

Within the next week, October 18 through October 22, 2021, Plaintiff received numerous documents. On October 18, 2021, Plaintiff received eight responsive documents totaling 30 pages from the Prosecuting Attorney's Council of Georgia. That same day, Plaintiff also notified Defendant's Counsel of witnesses she planned to depose.

On October 19, 2021, Plaintiff was able to retrieve more hard copies of relevant records which she later produced, over 300 pages after proper redactions, to Defendant's Counsel.

On October 19, 2021, Plaintiff received thirteen responsive documents

4

totaling 420 pages from Fulton County Government on behalf of entities Diversity and Civil Rights Compliance department, Chairman Robert Pitts and County Manager Richard Anderson.

On October 19, 2021, Plaintiff received responsive documents totaling 21 pages from Douglas County Sheriff's Office.

Days later, on October 21, 2021, Plaintiff received responsive documents totaling 10 pages from Fulton County Magistrate Court and four responsive documents totaling 51 pages from Clayton County Superior Court.

Also on October 21, 2021, Plaintiff received a USB of twelve responsive documents totaling 292 pages from Fulton County DA's Office and Fulton County Government regarding Plaintiff's employment file. Don Geary, Legal Counsel to the DA of Fulton County, advised to direct a subpoena to Fulton County Department of Human Resources Management for documents that were not held by Fulton County DA's Office or the Fulton County Government. Plaintiff did so the following day on October 22, 2021.

That same day, October 22, 2021, Plaintiff served subpoenas to the following entities: Fulton County Sheriff's Office, East Point Police Department, and Atlanta Police Department. See (ECF 56). On this date, Plaintiff also sent follow-up letters to Sprint regarding her October 12, 2021, subpoena. Plaintiff also received ten responsive documents totaling 87 pages from Clayton County State Court.

On October 26, 2021, Fulton County Sheriff's Department asked for a two-week extension to respond to the subpoena which Plaintiff granted.

On October 27, 2021, Plaintiff received six responsive documents totaling over 950 pages from T-Mobile on behalf of Sprint/Nextel.

The next day, October 28, 2021, Plaintiff sent follow-up letters to Magistrate Court of Clayton County, Clayton County Sheriff's Department, and Fulton County State Court.

One day after that, October 29, 2021, Plaintiff served subpoenas to the following entities: Sprint/Nextel, AT&T, State Court of Douglas County, and Georgia State Patrol. (ECF 57.) That same day, Plaintiff also received three responsive documents from Fulton County Sheriff's Office.

On November 2, 2021, Plaintiff received fourteen responsive documents from Georgia State Patrol, around 200 pages and multiple spreadsheet files from Fulton County Department of Human Resources Management, and 36 pages from Fulton County Sheriff's Office.

On November 4, 2021, Plaintiff contacted the PAC by phone regarding a lack of documents in response to Ex. A. No. 9 of her October 6, 2021 subpoena. On November 5, 2021, Plaintiff sent a follow-up letter to the PAC regarding the same lack of documents in response to Ex. A. No. 9 of the October 6, 2021, subpoena.

After speaking with the PAC, Plaintiff was told that more responsive

documents would likely be in the custody of the State Accounting Office. So, a few days later, on November 8, 2021, Plaintiff served a subpoena to the State Accounting Office of Georgia and a second subpoena to the PAC. (ECF 58.)

Plaintiff also filed her Motion for Leave to Amend the Complaint ("Motion to Amend") on November 8, 2021. (ECF 59). Around this same time, Plaintiff and Defendant discussed scheduling depositions in light of potential amendments to the Complaint. Defendant suggested the Parties request a stay.

On November 9, 2021, Plaintiff received a 68-page supplemental subpoena response from the PAC and produced her own supplemental disclosures and discovery responses (ECF 60) to Defendant's Counsel.

The next day, November 10, 2021, the Parties filed a Joint Motion to Stay Discovery until the Court had ruled on Plaintiff's Motion to Amend. (ECF 61). Also on that day, Douglas County State Court notified Plaintiff that their response to Plaintiff's subpoena may be delayed due to Veteran's Day—which fell on Thursday, November 11, 2021—and because the records needed to be pulled from their archives.

On November 12, 2021, the Court granted a stay pending the resolution of Plaintiff's Motion to Amend ("Initial Stay"). (ECF 63). Plaintiff also filed a corrected version of her Motion to Amend ("Corrected Motion to Amend") with a Motion to Strike (ECF 64) the previous version. (ECF 65).

Within a week, Plaintiff received one responsive document totaling 135

pages from Douglas County State Court (on November 15, 2021) and twelve responsive documents from Clayton County Magistrate Court (on November 19, 2021).

Two weeks after Plaintiff's Corrected Motion to Amend, Defendant filed his Response to Plaintiff's Motion for Leave to Amend the Complaint ("Defendant's Response") on November 26, 2021. (ECF 66).

On November 30, 2021, Plaintiff received seven responsive documents by mail from Clayton County Magistrate Court.

Plaintiff filed a Reply to Defendant's Response in support of her Corrected Motion to Amend ("Plaintiff's Reply") on December 10, 2021. (ECF 67).

One week later, on December 17, 2021, the Court Granted Plaintiff's Motion to Strike, leaving only her Corrected Motion to Amend to be decided. (ECF 68).

On January 6, 2022, the Court denied Plaintiff's Corrected Motion to Amend, ending the Initial Stay. (ECF 69). Per the Court's Initial Stay, the discovery period is currently set to end February 7, 2022 — thirty days after the Court's ruling. See (ECF 63).

Early the next week, on January 10, 2022, Plaintiff filed her Objections to This Court's Order on Plaintiff's Motion to Amend ("Plaintiff's Objections"). (ECF. 70).

Days later, on January 13, 2022, Plaintiff filed a Motion to Stay Discovery ("Pending Motion to Stay") pending the Court's ruling on Plaintiff's Objections. (ECF. 71). Defendant does not object to the Pending Motion to Stay.

To date, Plaintiff is awaiting subpoena responses from the following entities: Fulton County State Court, Clayton County Sheriff's Office, Atlanta Police Department, East Point Police Department, Sprint/Nextel, and AT&T.

Plaintiff and Defendant have been communicating throughout this process to resolve any issues and serve discovery as efficiently as possible. Plaintiff and Defendant are prepared to schedule depositions immediately–and are in current discussions regarding depositions–or alternatively, immediately after a stay pending resolution of Plaintiff's Objections, should that Pending Motion to Stay be granted. The time for Defendant to file a response to Plaintiff's Objection has yet to expire.

## CONCLUSION

Based on the above, the Parties request that this Court grant this Motion and order that the deadline to complete discovery in this case be extended to Friday, April 8, 2022 or, should this Court grant the Pending Motion to Stay, to sixty days after that stay has ended. A proposed order is attached for the Court's convenience.

Respectfully submitted this 18th day of January 2022,

| | |
|---|---|
| /s/ Noah Green | /s/ MARIO B. WILLIAMS |
| Noah Green | Mario B. Williams |
| GA Bar No. 468138 | GA Bar No.: 235254 |
| **HENEFELD & GREEN, P.C** | **HDR LLC** |
| 3017 Bolling Way NE, Suite 129 | 44 Broad Street NW, Suite 200 |
| Atlanta, GA 30305 | Atlanta, GA 30303 |
| (404) 841-1275 | (404) 245-0442/(404) 577-0080 FAX |
| ngreen@henefeldgreen.com | Mwilliams@hdrattorneys.com |

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), this is to certify that the foregoing has been prepared using Book Antiqua 13-point font in compliance with Local Rule 5.1.

/s/NOAH GREEN
Noah Green
Georgia Bar No. 468138

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CATHY CARTER**, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 1:20-cv-01674-TWT-JSA |
| ) | |
| **PAUL HOWARD, in his individual and** ) | |
| **official capacity,** ) | |
| ) | |
| *Defendants*. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing Parties' *Joint Motion for Extension of Time to Complete Discovery* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all counsel of record.

This 18th day of January, 2022.

HENEFELD & GREEN, P.C.

/s/ Noah Green
Noah Green
Georgia Bar No. 468138
*Attorney for Defendant*

3017 Bolling Way NE, Suite 129
Atlanta, Georgia 30305
(404) 841-1275
ngreen@henefeldgreen.com